## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

    Dean Scott Hoover and
    Terri Lynn Hoover,

                      Debtors.

_____

David G. Velde, Chapter 7 Trustee,

                      Plaintiff,

    vs.

Dean Scott Hoover and Terri Lynn
Hoover,

                    Defendants.

_____

Bankruptcy Case No. 12-60257
Chapter 7

The Honorable Dennis D. O'Brien

Adversary No. _____

### COMPLAINT TO DENY DISCHARGE

    David G. Velde, the Bankruptcy Trustee in this case, for his causes of action against the Debtors/Defendants, states and alleges as follows:

    1.    The Debtors, Dean Scott Hoover and Terri Lynn Hoover filed a Chapter 7 bankruptcy petition on March 19, 2012. With the petition, the Debtors filed schedules, a statement of affairs and other miscellaneous documents, all of which required the Debtors to accurately and fully disclose all of their assets, liabilities, income and expenses and financial transactions.

    2.    That the § 341 First Meeting of Creditors of the Debtors was held on April 23, 2012.

3.  Plaintiff is the duly appointed and acting Chapter 7 Trustee in the Debtors' bankruptcy.

4.  The deadline to file a Complaint objecting to discharge of the Debtors and/or to determine dischargeability of certain debts was originally set for June 22, 2012, but was extended to September 22, 2012, by Order of this Court dated June 27, 2012 (Docket No. 21 in Case No. 12-60257).

5.  This action is brought for the purpose of denying the Debtors a discharge pursuant to 11 U.S.C. § 727. This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 727 and 28 U.S.C. §§ 157 and 1334. The venue of this matter is proper under 28 U.S.C. § 1409. This proceeding is core proceeding as defined in 28 U.S.C. § 1157.

6.  The Debtors filed bankruptcy schedules purportedly disclosing all assets in which they had an interest and setting forth their current and anticipated income.

7.  Debtors' Schedule A lists two pieces of real estate, one shown as Debtor's residence and the other as commercial property, but failed to disclose Debtors' ownership of a vacant tract of land adjoining Debtors' residence and legally described as Lot Two (2) of Block Two (2) of Starry Estates in Todd County, State of Minnesota. Said undisclosed lot had an estimated market value for tax purposes of $11,300 in 2011, and, on information and belief, had a fair market value of $20,000 at the time of the filing of Debtors' bankruptcy.

8.  Debtors' Schedule B lists one checking account at Wells Fargo in the name of Dean Scott Hoover with a balance of $3,600, while in actuality there were three checking accounts and one savings account in said Debtor's name, with a cumulative balance of $6,860.69 on the date of the bankruptcy filing.

9. Debtors' Statement of Affairs indicates that there was no employment income received in 2011, while their 2011 federal tax return shows wages, salaries, tips, etc. of $80,616. In addition, Debtor Dean Scott Hoover's year-to-date income is shown as $4,810.75, while the payment advices filed show year-to-date income of $17,362.84 as of February 29, 2012.

10. Debtors' payment advices filed with the bankruptcy proceeding indicate that Debtor Terri Lynn Hoover had average gross monthly income of $2,440 for the first two months of 2012, and that Debtor Dean Scott Hoover had average gross monthly income of $7,425 for the first two months of 2012. In addition, Debtors Form B22A shows Debtor Dean Scott Hoover had an average gross income of $6,386.94 and Debtor Terri Lynn Hoover had an average gross income of $2,497.16 during the six months preceding the month their bankruptcy was filed. Debtors' Schedule I, however, shows their current or projected gross monthly income at only $4,472 (Dean) and $2,010 (Terri), for a total of $6,482, which is $3,383 less than their total average monthly income of $9,865 for the first two months of 2012.

11. Debtors' Schedule A shows the fair market value of their homestead at $101,000, while the Todd County Assessor's estimated market value of the property for tax purposes in 2012 is $146,500; on information and belief Debtors' purposely underestimated the fair market value of their homestead to claim exemptions to which they would not otherwise be entitled.

12. Debtors' Schedule B shows the fair market value of a 2006 Ford Fusion at $3,500and of a 2006 Pontiac Torrent at $6,000, while the *Kelley Blue Book* indicates the Fusion's value ranges from $6,754 in fair condition to $8,379 in excellent condition and the

Torrent's value ranges from $9,823 in fair condition to $11,548 in excellent condition; on information and belief Debtors' purposely underestimated the fair market value of their vehicles to claim exemptions to which they would not otherwise be entitled.

13. Debtors have failed to satisfactorily explain the omissions and understatement of value of their assets and amount of income.

14. During the § 341 First Meeting of Creditors held on April 23, 2012, the Debtors affirmed that all of the information on their bankruptcy documents was correct, that they had not identified any errors or mistakes on those documents, that all there assets were listed and, in response to the question of whether they had any other property in which they had an interest that had not been disclosed, answered no.

15. On Debtors' Statement of Financial Affairs, Debtor Dean Scott Hoover referenced two businesses that he operated as sole proprietorships that operated until sometime in 2011, and at the § 341 First Meeting of Creditors referenced assets associated with the business that were still on hand at the time of the bankruptcy filing (windshields which were not listed on Schedule B) and the sale of assets outside the ordinary course of business within two years of the bankruptcy filing that were not disclosed on the Statement of Financial Affairs.

## COUNT I

## 11 U.S.C. § 727(a)(2)

16. The Debtors, with an intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, have concealed or have permitted to be concealed property of the Debtors within one year before the date of the filing of the petition.

17. Debtors concealed their ownership of a lot adjoining their residence and multiple accounts at Wells Fargo Bank.

## COUNT II

## 11 U.S.C. § 727(a)(4)

18. The Debtors knowingly and fraudulently, in or in connection with this case, made a false oath or account.

19. The Debtors knowingly and fraudulently, in connection with this case, made a false oath or account in failing to disclose all their assets and/or in undervaluing said assets.

WHEREFORE, the Bankruptcy Trustee respectfully requests that the Court issue an Order granting the following relief:

1. Denying the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2) and (3);

2. Granting such other and further relief as the Court deems fair and just.

Dated this 22nd day of September, 2012.

ROBERT L. RUSSELL
Attorney at Law

By /s/ Robert L. Russell
Robert L. Russell, No. 94523
220 West Washington Avenue
Fergus Falls, MN   56537
Telephone No. (218) 998-6400
rrussell@prtel.com

Attorney for Plaintiff